UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **Julie A. Challenger,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 4:23-CV-00571-NCC |
| | ) |
| **MARTIN J. O'MALLEY,**[1] | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | |

## **MEMORANDUM AND ORDER**

This is an action under Title 42 U.S.C. § 405(g) and 1383(c)(3) for judicial review of the final decision of Defendant Martin J. O'Malley, Commissioner of Social Security (the "Commissioner") denying the application of Plaintiff Julie A. Challenger ("Plaintiff") for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, et seq. (the "Act"). The parties' consent to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c) (Doc. 5).

### I.   PROCEDURAL HISTORY

On May 28, 2021, Plaintiff protectively filed her application for SSI (Tr. 250). The Social Security Administration denied Plaintiff's application on September 17, 2021 (Tr. 139-47). Plaintiff filed a timely Request for Reconsideration on October 27, 2021 (Tr. 148-51). On April 05, 2022, the Commissioner issued a Reconsideration Determination affirming the previous denial (Tr. 152-56). On April 14, 2022, Plaintiff filed a Request for Hearing before an

---

[1] Martin J. O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin J. O'Malley should be substituted, therefore, for Kilolo Kijakazi as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Administrative Law Judge ("ALJ") (Tr. 157). On December 19, 2022, the ALJ issued an unfavorable decision (Tr. 7-27). On March 2, 2023, the Appeals Council denied Plaintiff's request for review (Tr. 1-6). Plaintiff has exhausted all administrative remedies, and the decision of the ALJ stands as the final decision of the Commissioner.

## II. DECISION OF THE ALJ

The ALJ found that Plaintiff had not engaged in substantial gainful activity since May 28, 2021 (Tr. 12). The ALJ then determined that Plaintiff had the following severe impairments: degenerative joint disease, obesity, major depressive disorder, anxiety, personality disorder, attention deficit hyperactivity disorder ("ADHD"), and post-traumatic stress disorder ("PTSD"). *Id.* The ALJ noted that these impairments significantly limited Plaintiff's ability to perform basic work functions. *Id.* After considering the medical evidence, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 12 - 14). After considering the record, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform medium work as defined in 20 CFR 416.967(c), with the following limitations: Plaintiff "can perform simple, routine task; have occasional contact with supervisors, coworkers, and the public. She can make occasional simple work-related decisions and adjust to routine gradual changes to the work setting. There should be no paced production quotas, so no assembly line type work." (Tr. 14-20). Considering Plaintiff's age, education, work experience and RFC, the ALJ determined that jobs exist in the national economy that Plaintiff can perform, including automobile detailer, laundry worker, and industrial cleaner (Tr. 20). The ALJ concluded that Plaintiff was not disabled, as defined by the Act, from May 28, 2021, through the date of the decision (Tr. 21).

The Court accepts the facts as set forth in the parties' respective statements of fact and responses. The Court will cite to specific portions of the transcript as needed to address the parties' arguments.

### III.   LEGAL STANDARD

Under the Social Security Act, the Commissioner has established a five-step process for determining whether a person is disabled. 20 C.F.R. §§ 416.920. Plaintiff is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). *Accord Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). "If a [Plaintiff] fails to meet the criteria at any step in the evaluation of disability, the process ends, and the [Plaintiff] is determined to be not disabled." *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004)). In this sequential analysis, Plaintiff cannot be engaged in "substantial gainful activity" to qualify for disability benefits. 20 C.F.R. §§ 416.920(b). Second, Plaintiff must have a severe impairment. 20 C.F.R. §§ 416.920(c). The Social Security Act defines "severe impairment" as "any impairment or combination of impairments which significantly limits [Plaintiff's] physical or mental ability to do basic work activities...." *Id.* " 'The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on her ability to work.' " *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001), citing *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996)).

Third, the ALJ must decide whether the Plaintiff has an impairment that meets or equals one of the impairments listed in the Regulations. 20 C.F.R. §§ 416.920(d). If Plaintiff has one of, or the medical equivalent of these impairments, then Plaintiff is per se disabled without consideration of her age, education, or work history. *Id.*

Prior to Step Four, the Commissioner assesses the Plaintiff's RFC, 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), which is "the most a [Plaintiff] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); *see also Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009). At Step Four, the impairment must prevent Plaintiff from doing past relevant work. 20 C.F.R. §§ 416.920(f). The burden rests with Plaintiff at this fourth step to establish her RFC. *Steed v. Astrue*, 524 F.3d 872, 874 n.3 (8th Cir. 2008) ("Through step four of this analysis, the [Plaintiff] has the burden of showing that she is disabled.").

Fifth, the severe impairment must prevent Plaintiff from doing any other work. 20 C.F.R. §§ 416.920(g). At this fifth step of the sequential analysis, the Commissioner has the burden of production to show evidence of other jobs in the national economy that can be performed by a person with Plaintiff's RFC. *Steed*, 524 F.3d at 874 n.3. If Plaintiff meets these standards, the ALJ will find her to be disabled. "The ultimate burden of persuasion to prove disability, however, remains with the [Plaintiff]." *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000); *see also Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004) (citing 68 Fed. Reg. 51153, 51155 (Aug. 26, 2003)); *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the [Plaintiff], even when the burden of production shifts to the Commissioner at step five."). Even if the Court finds that there is a preponderance of the evidence against the ALJ's decision, the decision must be affirmed if it is supported by substantial evidence.

4

*Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002).

## IV.    DISCUSSION

Plaintiff first argues that the ALJ's mental RFC assessment is not supported by substantial evidence, because though the ALJ found Dr. Thomas Spencer's medical opinion persuasive, the ALJ committed reversible error by not incorporating, or failing to state a reason for not incorporating, all the functional limitations listed in Dr. Spencer's assessment. (Doc. 13, p.2-6). Plaintiff contends that had the ALJ fully accounted for Dr. Spencer's limitations in the RFC, it is unclear whether the ALJ would have found Plaintiff can perform any competitive work. *Id.* at 5. The Court agrees, and as such, will not address Plaintiff's other argument.

For claims like Plaintiff's, filed after March 27, 2017, an ALJ evaluates medical opinions pursuant to 20 C.F.R. § 404.1520c. These new rules provide that the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a Plaintiff's] medical sources." 20 C.F.R. § 404.1520c(a). Rather, an ALJ is to evaluate the persuasiveness of any opinion or prior administrative medical finding by considering the: (1) supportability of the opinion with relevant objective medical evidence and supporting explanations; (2) consistency with the evidence from other medical sources and nonmedical sources in the claim; (3) relationship with the plaintiff, including length, purpose, and extent of treatment relationship, whether it is an examining source, and frequency of examination; (4) specialization; and (5) other relevant factors. 20 C.F.R. § 404.1520c(c).

5

In evaluating the persuasiveness of a medical opinion, the factors of supportability and consistency are the most important for an ALJ to consider, and the ALJ must "explain how [he] considered the supportability and consistency factors ... in [the] determination or decision." 20 C.F.R. § 404.1520c(b)(2). An ALJ's failure to address either the consistency or supportability factor in assessing the persuasiveness of a medical opinion requires reversal. *Bonnett v. Kijakazi*, 859 F.App'x. 19, 20 (8th Cir. 2021) (unpublished) (per curium) (citing *Lucus v. Saul*, 960 F.3d 1066, 1069-70 (8th Cir. 2020) (remanding where ALJ discredited physician's opinion without discussing factors contemplated in regulation, as failure to comply with opinion-evaluation regulation was legal error)). ALJs need not explain in their decision how they considered the other factors. 20 C.F.R. § 404.1520c(b)(2).

The ALJ summarized the opinion of Dr. Spencer, who conducted a consultive exam of Plaintiff, as follows:

> Turning to the opinion evidence, in April 2022, Dr. Spencer, who performed a consultative exam on the claimant, opined that the claimant had moderate impairment in her ability to learn, recall, and use information and to consistently stay on task. Further, that the claimant demonstrated moderate impairment in her ability to relate to and work with others on a consistent basis. Ex. C10F/3. Although Dr. Spencer failed to assert any concrete functional limitations, the undersigned finds his opinion that the claimant was moderately impaired persuasive. Dr. Spencer's opinion is supported by his examination of the claimant and explanation. Moreover Dr. Spencer's opinion is generally consistent with the medical evidence of record, in particular, the claimant's generally unremarkable mental status exams. Exs. C2F/19; C5F/2, 10, 26; C7F/2, 9, 12; C14F/7; C16F/4. In addition, the undersigned notes that the claimant was taking care of her 3-year old daughter, including feeding, clothing, and bathing her. She could prepare frozen meals, shop in stores and by phone, pay bills, with prompts, and count change. Ex. C10E/3-4. The undersigned finds that limitations are warranted, but the claimant's mental health impairments do not completely preclude her ability to work.

(Tr. 18). Though the ALJ found Dr. Spencer's opinion persuasive, the ALJ determined Plaintiff had the RFC to perform medium work with the following limitations: "[t]he claimant can perform simple, routine tasks; and have occasional contact with supervisors, coworkers, and the

public. She can make occasional simple work-related decisions and adjust to routine gradual changes to the work setting. There should be no paced production quotas, so no assembly line type work." These limitations did not include Dr. Spencer's opinion that Plaintiff has a moderate impairment to consistently stay on task (Tr. 590). The Commissioner argues that the "ALJ is not required to adopt the opinion verbatim just because he finds it persuasive; nor is the ALJ required to explain in detail every limitation." (Doc. 16, p.8-9).

The ALJ's findings need not mirror a particular report, form, or opinion. *Wolynski v. Kijakazi*, 4:21-CV-1158 SRW, 2022 WL 1521619, at *8 (E.D. Mo. May 13, 2022) (citing *Owens v. Saul,* 2020 WL 2319880, at *4 (W.D. Mo. May 11, 2020)). *See Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011). Despite finding an opinion persuasive, the ALJ need not adopt every suggested limitation in the opinion. *Id.* (citing *Moore v. Commissioner*, 2021 WL 2834395, at *2 (N.D. Miss. July 7, 2021) ("the fact that the ALJ found the opinion persuasive does not obligate the ALJ to incorporate every limitation suggested by the report, nor do the regulations require the ALJ to expressly address the persuasiveness of every opinion within every report.") (citing 20 C.F.R. § 404.1520c).

However, the absence of any explanation detailing why the ALJ disregarded Dr. Spencer's limitation that Plaintiff has a moderate impairment to consistently stay on task, while including all the other limitations in Dr. Spencer's opinion, requires remand. *See Lutz v. Kijakazi*, 4:20-CV-1140-SPM, 2022 WL 782300, at *5 (E.D. Mo. Mar. 15, 2022) (finding that "the absence of any explanation of why the ALJ disregarded Dr. Stalker's limitation to one-to-two step tasks, when she accepted all of the other limitations in Dr. Stalker's opinion, requires remand.").

7

As followed in *Wolynski* and *Lutz*, the reasoning in *Berry v. Kijakazi*, 2021 WL 4459699, (E.D. Mo. Sept. 29, 2021), as articulated in *Wolynski*, is particularly instructive for the current matter:

> Because the ALJ did not provide a reason for rejecting [the State agent's] opinion on the two-step command limitation – while including [the agent's] other opined limitations in the RFC – the Court would be required to determine in the first instance whether there was substantial evidence to support the ALJ's decision to reject that limitation. It is not within the Court's purview to speculate why the ALJ may have rejected certain evidence. While the ALJ may have considered and for valid reasons rejected the two-step command limitation of [the agent's] opinion, the Court is unable to determine whether any such rejection is based on substantial evidence, given the ALJ's complete failure to address it. When an ALJ's decision is unclear as to the medical basis for his assessment of the degree to which the claimant's impairments affect [his] RFC, the matter must be remanded for further proceedings.

*Wolynski*, 2022 WL 1521619, at *9 (citing *Berry* 2021 WL 4459699, at *9). Here, the ALJ found Dr. Spencer's opinion persuasive, determining that the opinion was generally consistent with the medical evidence of record, particularly Plaintiff's "generally unremarkable mental status exams." (Tr. 18). However, the ALJ omitted from the RFC Plaintiff's limitation to consistently stay on task. Furthermore, the ALJ did not articulate why he believed Plaintiff was not entitled to the limitation, nor does the record provide a basis for the Court to determine whether or not Plaintiff could still perform "medium work," or any kind of work, after accounting for the stay on task limitation. By not addressing the reason for rejecting the stay on task limitation, the ALJ renders this Court "unable to determine whether any such rejection is based on substantial evidence" *Jones v. Chater*, 65 F.3d 102, 104 (8th Cir. 1995)). It is not in this Court's purview to speculate why the ALJ did not include the limitation, only that the ALJ did not provide a basis for omitting the limitation. *Berry* 2021 WL 4459699, at *9 (citing *Jones* 65 F.3d at 104). As such, remand is necessary.

Further, the ALJ's error does not appear harmless. "An error is harmless when the claimant fails to 'provide some indication that the ALJ would have decided differently if the

8

error had not occurred.' " *Lucus*, 960 F.3d at 1069 (quoting *Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012)). As previously mentioned, Dr. Spencer stated that Plaintiff has "moderate impairment in her ability to learn, recall, and use information and to consistently stay on task." (Tr 590). The ALJ adopted the other limitations expressed by Dr. Spencer but did not include a basis for excluding the off-task limitation. According to the Programs Operations Manual System (POMS), "[t]he ability to maintain concentration and attention for extended periods" is a mental ability needed for any job. See POMS DI 25020.010(B)(2). In fact, the vocational expert testified that off task behavior exceeding ten percent during a workday would make it difficult to maintain competitive employment. Considering this, had the ALJ included the on-task limitation, the outcome might have been different. As such, remand is appropriate.

## V.   CONCLUSION

For all the foregoing reasons, the Court finds that the ALJ's decision is not supported by substantial evidence.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **REVERSED AND REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration in accordance with this Memorandum and Order.

A separate judgment shall be entered incorporating this Memorandum and Order.

Dated this 24th day of September 2024.

                                                        /s/ Noelle C. Collins
                                                        NOELLE C. COLLINS
                                                        UNITED STATES MAGISTRATE JUDGE